NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
Chicago, Illinois 60604

April 24, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3978

| | |
|---|---|
| KEITH MILLER,<br>    *Petitioner-Apellant,*<br><br>    *v.*<br><br>WALTER E. MARTIN,<br>    *Respondent-Appellee* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division<br><br>No. 1:04-CV-028-TS<br><br>Theresa L. Springmann,<br>*Judge.* |

## O R D E R

Before us is the State of Indiana's motion to amend the opinion issued in the above-entitled case on March 15, 2007, to remove the penultimate paragraph. We will grant the motion, but we take this opportunity to respond to some of the points raised by the State.

The State suggests that our criticism of its stance in this case was misplaced primarily because its argument prevailed in the district court and in the Indiana Court of Appeals. How, the State wonders, can it be faulted for defending a position that four other judges have accepted? The point has some facial appeal, but it ignores that the first court to consider Miller's ineffective-assistance claim (and the only court to hear testimony from Miller and his lawyer) ordered resentencing on

the basis of the woefully inadequate representation he received the first time. When the postconviction court issued its decision, Miller had already been imprisoned for more than six years. Rather than participate in a resentencing hearing (which presumably would have cost Indiana taxpayers far less than six additional years of litigation to prevent it from occurring), the State fought the court's decision. For this reason, we find its argument that it simply has been defending a "winning" argument disingenuous.

The State further contends that anything short of zealous advocacy in this case would betray its duty to defend "State criminal convictions" from collateral attack. Of course, the *conviction* in this case was never in jeopardy. The postconviction court accepted only Miller's argument that he received ineffective assistance of counsel at sentencing. At resentencing, the State could have simply reprised its arguments in favor of maximum, consecutive sentences—but it would have done so in the context of fair proceedings.

Finally, the State homes in on our statements that "uncertainty" exists concerning when *Cronic* rather than *Strickland* governs an ineffective-assistance claim and that the *Cronic* exception at issue here is "exceedingly narrow." The State presents our statements as evidence that "it was not at all clear" that a constitutional violation took place at Miller's sentencing hearing. Let us be clear: although deciding on the appropriate standard requires careful analysis, we suffer from no lack of certainty that, under any standard, Miller's counsel at sentencing was ineffective.

Our decision to express our concern with the path that this case took and the manner in which the State presented its arguments was not made lightly. We endeavor to treat all advocates who appear before us with the same civility and respect that we expect from them. And, although the arguments discussed above lead us to question whether the State took our words to heart, we will take the State at its word that it has. Accordingly, the motion to modify our opinion is GRANTED. An amending order will follow shortly.